Mr. Justice Colcock
delivered the opinion ox the Court.
One of the best established rules in the construction, of statutes is, that where the Legislature use technical lan *11 guage,that the technical meaning shall be applied. Now i take it, that the word trespass is technical, and so considered, will lead us to the obvious meaning of the Legislature. In all the elementary writers, and those who treat of the forms of actions, there is a clear and manifest distinction between trespass and case. In'treating of personal actions, the first grand division made by Mr. Chitty is ' into those which arise ex contractu, and those which arise ex delicto. In speaking of the latter, he says, personal actions in form ex delicto, and which are principally for the redress of wrongs unconnected .with contract are, Case, Trover, Detinue, Replevin, and Trespass vi et armis: and (in -the same page,) injuries, ex delicto, are in legal consideration committed with force ; as assaults and batteries, &c. or without force, as slander, &c. They are also immediate and direct, or mediate and consequential.
It is frequently difficult to determine when the inj ury is to be considered forcible or not, and when immediate or consequential, and therefore whether trespass or case is the proper remedy, (1 Chit. P. 122-3, Day’s edi.) Here he makes a clear distinction between the actions of Trespass and Case; and in treating on the action of slander, he places it under the head of actions on the case. But further, Trespass, says Finch, supposes a wrong'to be done with force. Trespasses against a man’s property may'be committed in divers ways'; as against his wife, children, &c. and against bis land, by carrying away deeds, cutting trees, spoiling grass, &c. Finch, 198, 201. Roll. Abridge 542, in a statute where even the word Trespass is used, unconnected with any other words, it implies an injury to the person or estate. But if this technical distinction is not sufficiently clear to shew that the Legislature meant to exclude from the benefit of the act only such as did commit acts of violence on the person or property wil-fully and maliciously, it is obvious from the other class of cases embraced in the clause. The first is majhem, a Word purely technical, and. which means any injury to the *12 person which would render one less able to protect or defend himself. Tbis is the highest offence kno.wn in law against the person. The'third is voluntary and permissive waste, an injury to the property ; and the fourth, damages to the freehold, generally, which of cours.e is of the came character» This association points to the meaning of the Legislature, and plainly shews’ that they meant to exclude from the humane provisions of this act only those who, instigated by malice, wjHully committed such acts against the person and property of the citizens, as would be most highly injurious anil lasting in their effects.' But what in my mind is conclusive on - the subject is this, that if the construction contended for by the plaintiffs should prevail, that the object of the law would be almost entirely defeated. For if slander can be embraced under the terms, so ipay all torts ; and should this bé' déíiied, I ask for the distinction ? None X think can be pointed out, for they are in one sense actions of trespass. This’ is a remedial law, and in favor ofliberty. Its general provisions should therefore be liberally construed, and its exceptions confined within the narrowest bounds.
The motion is discharged.
justices Nott, Johnson and Huger, concurred.
Mr. Justice Gantt, dissented.